**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert Alexander HAMILTON,
Defendant-Appellant.**

**No. 73–3335
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

March 6, 1974.

R. Jerome Sanford, Miami, Fla. (court-appointed), for defendant-appellant.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty, Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Robert W. Rust, U. S. Atty., Kerry J. Nahoom, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before WISDOM, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Robert A. Hamilton, the defendant-appellant, was convicted of knowingly and intentionally importing into the United States 98 grams of marijuana, in violation of 21 U.S.C. § 952(a). He assigns two errors on appeal. First, he argues that he was denied his right to trial by an impartial jury, because the trial judge failed to question the jurors thoroughly and extensively enough about a letter some of the jurors had received. The letter was a circular addressed to "Dear Taxpayer and Citizen of the United States", signed by a group identifying itself as "The President's Drug Abuse Advisory Council", and giving as its mailing address a post office box on a rural route in Alabama. The letter urged its readers, "[I]f you have . . . the opportunity to serve on a jury, concerning people who deal with drugs . . . find them guilty". Second, Hamilton argues that the trial judge erred in admitting certain statements he had made to customs officials about plans he had to import large quantities of marijuana beyond those the indictment charged him with importing.

We find both contentions without merit. As far as the first is concerned, the record reveals that the trial judge did all that was necessary to assure that the jury was impartial and that the jurors had not been influenced by the letter. The judge excused three of the jurors who had seen the letter, and questioned the others at sufficient length to ensure that their approach to the case would not be affected by the letter. As far as the second is concerned, it is clear that the statements to the customs official were admissible. The appellant attacks their admission on grounds that they constituted evidence of crimes other than those charged in the indictment. While such evidence is as a rule inadmissible, the statements involved here fall under the well established exception for evidence of other crimes relevant to prove intent or knowledge. See, e. g., Weiss v. United States, 5 Cir. 1941, 122 F.2d 675.

Affirmed.